BLANK ROME LLP
Cheryl S. Chang (SBN 237098)
Chang@BlankRome.com
Harrison M. Brown (SBN 291503)
HBrown@BlankRome.com
2029 Century Park East, 6th Floor
Los Angeles, CA  90067
Telephone:   424.239.3400
Facsimile:    424.239.3434

Attorneys for Defendant
APOTEX CORPORATION

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

| | |
|---|---|
| JOEL D. JOSEPH, | Case No. 2:14-cv-6899 |
| Plaintiff, | **NOTICE OF REMOVAL** |
| vs. | |
| COSTCO WHOLESALE CORPORATION and APOTEX CORPORATION, | |
| Defendants. | |

TO THE CLERK OF THE ABOVE ENTITLED COURT:

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Apotex Corporation ("Apotex") hereby removes the above-captioned matter from the Superior Court of the State of California, Los Angeles County, to the United States District Court for the Central District of California. The grounds for removal are as follows:

1.      On August 1, 2014, Plaintiff Joel D. Joseph ("Plaintiff") commenced an action by filing a Complaint, against Costco Wholesale Corporation ("Costco") and Apotex (collectively, "Defendants") in the Superior Court of the State of California in and for the city and County of Los Angeles, case number BC553418 (the "State Court Action"). True and correct copies of the Complaint, Civil Case Cover Sheet and Addendum are attached hereto as Exhibit A.

2.      Plaintiff served Apotex with a copy of the Complaint and a summons from the State Court Action on August 5, 2014. A true and correct copy of the summons is attached hereto as Exhibit B.

GROUNDS FOR REMOVAL: DIVERSITY JURISDICTION

3.      28 U.S.C. § 1441, which establishes when an action may be removed to federal court, sets forth in relevant part:

> [A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

4.      The State Court Action is an action over which the Court has original subject matter jurisdiction under 28 U.S.C. §§ 1332, in that it is a civil action wherein the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States.

/ / /

1

143357.00601/95214384v.1

**NOTICE OF REMOVAL**

Citizens of Different States

5.   Section 1332(a)(1) states, in relevant part, that jurisdiction exists "where the matter in controversy…is between…citizens of different States."

6.   Complete diversity of citizenship exists between the parties.  Plaintiff is a citizen of the State of California (*See* Compl., Exh. A, ¶ 13); Costco is a corporation incorporated under the laws of the state of Washington and maintains its principal place of business in Washington (Exh. A, ¶ 14); and Apotex is incorporated under the laws of the state of Delaware and maintains its principal place of business in Florida (Exh. A, ¶ 15).

**Amount in Controversy**

7.   Section 1332(a) states, in relevant part, that jurisdiction exists "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs…"

8.   In general, whether the amount in controversy requirement has been satisfied is determined from the face of the plaintiff's complaint.  *McGee v. Sentinel Offender Serv's, LLC*, 719 F.3d 1236, 1241-43 (11th Cir. 2013).

9.   Here, Plaintiff's Complaint does not seek a precise amount of damages. Instead, Plaintiff seeks unspecified actual and punitive damages from Defendants, an order requiring Defendants to label all imported drugs with their country of origin, an order requiring an asset freeze and imposing a constructive trust over all ill-gotten monies, an injunction against sales of Apotex atorvastatin and other drugs from India, and attorney's fees and costs.  The Complaint makes no mention of the maximum potential worth of Plaintiff's damages.  (Exh. A, Prayer for Relief).

10.   Where "the complaint does not demand a dollar amount, the removing defendant bears the burden of proving by a preponderance of the evidence that the amount in controversy exceeds $[75],000."  *Singer v. State Farm Mut. Auto Ins. Co.*, 116 F.3d 373, 376 (9th Cir. 1997); *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 839 (9th Cir. 2002).  When the amount is not facially apparent from the complaint, "the court may

1  consider facts in the removal petition, and may 'require parties to submit summary-
2  judgment-type evidence relevant to the amount in controversy at the time of
3  removal.'" *Singer*, 116 F.3d at 377 (*quoting Allen v. R & H Oil & Gas Co.*, 63 F.3d
4  1326, 1335-36 (5th Cir. 1995)).

5       11.   For purposes of federal jurisdiction, in actions seeking declaratory or
6  injunctive relief, "the amount in controversy is measured by the value of the object of
7  the litigation." *Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 347 (1977).

8       12.   Plaintiff alleges that generic atorvastatin (which he misnames avorstatin)
9  is sold for more than 90% less than the brand drug Lipitor, which costs $235.56 for a
10  30-day prescription.  (Exh. A., ¶ 26).

11       13.   The Made in USA Foundation, for which Plaintiff is the Chairman,
12  distributed a press release stating that "[m]ore than 50 million prescriptions are filled
13  for atorvastatin in the United States every year."  A true and correct copy of the Made
14  in USA Foundation press release is attached hereto as Exhibit C.

15       14.   Plaintiff seeks an order requiring an asset freeze and imposing a
16  constructive trust over all ill-gotten monies.  (Exh. A., Prayer, ¶ D).  As an asset
17  freeze and the imposition of a constructive trust over a small fraction, one million, of
18  the purported 50 million prescriptions costing $23.00 (90% less than the brand drug
19  cost) would represent over $20 million.

20       15.   The object of the litigation, the requested asset freeze and constructive
21  trust, exceeds the amount in controversy requirement.

22       16.   The amount in controversy also includes the amount of damages in
23  dispute, as well as attorney's fees, if authorized by statute or contract.  *See Galt G/S v.*
24  *JSS Scandanavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998).  In this case, Plaintiff seeks
25  attorney's fees and costs pursuant to California Code of Civil Procedure section
26  1021.5.  (Exh. A., Prayer, ¶ G).  Such fees and costs only add to the value of the
27  object of the litigation, which already exceeds the required amount in controversy.

28

17.     Based on the representations made by Plaintiff in the Complaint and information from his organization's website, the amount in controversy well exceeds the sum or value of $75,000 required by 28 U.S.C. § 1332(a).

REMOVAL IS TIMELY

18.     Apotex has filed this Notice within thirty days of being served with the Complaint.  Thus, the Notice is timely under 28 U.S.C. § 1446(b).

WHEREFORE, Costco consents to this removal;

WHEREFORE, Apotex hereby removes this action from the Superior Court of California, Los Angeles County, to the United States District Court for the Central District of California.


DATED:  September 4, 2014         BLANK ROME LLP



                                  By:   s/Cheryl S. Chang
                                        Cheryl S. Chang
                                        Harrison M. Brown
                                        Attorneys for Defendant
                                        APOTEX CORPORATION

# EXHIBIT A

90292
A7260

JOEL D. JOSEPH, PRO PER

11950 SAN VICENTE BLVD. SUITE 220

LOS ANGELES, CA 90049

310-820-2211

FILED
Superior Court of California
County of Los Angeles

AUG 0 1 2014

Sherri R. Carter, Executive Officer/Clerk
By _____, Deputy
Nancy Soto

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**COUNTY OF LOS ANGELES**

D-92 ELIA WEINBACH

JOEL D. JOSEPH

           Plaintiff,

v.

COSTCO WHOLESALE CORPORATION and

APOTEX CORPORATION

           Defendants

Case No.: **BC 5 5 3 4 1 8**

**COMPLAINT FOR INJUNCTIVE RELIEF COMPENSATIVE RELIEF AND PUNITIVE DAMAGES**

    Plaintiff alleges as follows against defendants Costco Wholesale Corporation and Apotex Corporation on information and belief, formed after an inquiry reasonable under the circumstances:

**I. JURISDICTION AND VENUE**

    1.    This Court has jurisdiction over all causes of action asserted herein pursuant to the California Constitution, Article VI, §10, because this case is a cause not given by statute to other trial courts.

    2.    This Court has jurisdiction over defendants because they are corporations or other entities which are authorized to conduct, and in fact do conduct, substantial business in the State of California.

    3.    Venue is proper in this County as the acts upon which this action is based

1

1    occurred in this County. Plaintiff resides here and operates an office in this County. Defendants

2    received substantial compensation and profits in this County from sales of atorvastatin. Thus,

3    defendants' liability arose in part in this County.

## II. INTRODUCTION

5      4.   This is a private Attorney General action brought on behalf of the general public.

6      5.   Plaintiff Joseph purchased Lipitor, a prescription drug to reduce cholesterol, from

7    Costco for many years at its store located at 13463 W. Washington Blvd, Marina del Rey,

8    California 90292.

9      6.   Lipitor is a patented drug produced in the United States by Pfizer, Inc.

10      7.   Pfizer's patent on Lipitor expired in late 2011 and the U.S. Food and Drug

11    Administration approved the sale of generic form of Lipitor, or atorvastatin, in 2012.

12      8.   Mr. Joseph is chairman and founder of the Made in the USA Foundation, a non-profit

13    organization that promotes American-made products.

14      9.   Mr. Joseph's doctor gave him a prescription for generic Lipitor and Costco filled it

15    on July 30, 2012 and several times after that with Apotex's atorvastatin.

16      10.   Mr. Joseph inspected the Apotex atorvastatin container and found no country of

17    origin label on it and believed it to be made in the USA because all imported products must be

18    marked as to their country of origin.

19      11. Title 19 U.S.C. §1304 provides that all imported products must include a country of

20    origin marking in a "conspicuous place as legibly, indelibly and permanently as the nature of the

21    article (or container) will permit."

22      12.   This private Attorney General action is brought by the named plaintiff to remedy

23    violations of California's state consumer protection statutes.

## III. PARTIES

25      13. Plaintiff Joel D. Joseph is California resident and citizen.

26      14. Defendant Costco Wholesale Corporation is incorporated in Washington State.

27      15. Defendant Apotex Corporation is a Delaware Corporation.

28

## IV. Factual Summary

16. Many consumers believe that "Made in U.S.A." products are higher quality products than imported products, particularly pharmaceutical products. Not knowing of the foreign country of origin, the general public purchased Apotex products at issue here at higher retail prices than would have been paid for foreign-made products.

17. Plaintiff desired to purchase American-made atorvastatin. When plaintiff purchased atorvastatin at Costco there was no country of origin marking on the product.

18. Products that are made in the U.S.A. are not required by law to include a country of origin designation.

19. Plaintiff reasonably believed that the atorvastatin that he purchased was made in the United States.

20. On May 5, 2014 the U.S. Food and Drug Administration published Import Alert 66-40. This Import Alert ordered the Detention Without Physical Examination of Drugs From Firms Which Have Not Met Drug GMP's. GMP means Good Manufacturing Practices. A copy of this Import Alert is attached to the Complaint as Plaintiff's Exhibit 1.

21. Because of this Import Alert Apotex avorstatin was put on the FDA's Red List of banned drugs.

22. An FDA inspection of Apotex's plant in Bangalore, India was published on April 1, 2014 where Apotex manufactures avorstatin and other drugs.

23. Apotex failed this inspection and all drugs from this factory, excluding Riluzule, were banned from importation into the United States.

24. In April and May of 2014 plaintiff notified Costco that Apotex's avorstatin was banned by the FDA.

25. Costco, nonetheless, keeps selling Apotex avorstatin at its pharmacies in Los Angeles and elsewhere in the United States.

26. On May 23, 2014 plaintiff had Costco fill a prescription for Lipitor for 30 days at a cost of $235.56. Avorstatin sells for more than 90% less at Costco than Lipitor.

3

# V.  FIRST CAUSE OF ACTION

## Commission of Unlawful Business Acts and Practices

27. Plaintiff, on behalf of the general public, realleges as if fully set forth herein, each and every allegation contained in ¶¶1-26 herein, and further alleges as follows.

28. The marketing, sale and/or offering for sale by defendant of the deceptively labeled avorstatin as detailed above constitute unlawful, unfair and/or fraudulent business acts or practices in violation of, *inter alia*, Business & Professions Code §§17200, *et seq*.  Plaintiff is therefore entitled to the relief set forth below.

29. Specifically, defendants have violated Business & Professions Code §17200's proscription against engaging in an "unlawful" business act or practice by the following:

a.   Violating Customs laws, 19 U.S.C. §1304;

b.  The policies, acts and practices alleged herein were intended to result in the sale of Apotex avorstatin to the consuming public and violated and continue to violate the Consumers Legal Remedies Act, California Civil Code §§1750, *et seq*., by violating at least Civ. Code §1770(a)(4), (5), (7), (9) and (16), as defendants' acts and practices use deceptive representations or designations of country of origin, constitute misrepresentations that the products in question have approval, characteristics, benefits or uses which they do not have, that the products in question are of a particular standard, quality or grade when they are of another,  that defendants advertise the drug products in question with intent not to sell them as advertised and that the products in question constitute products which are supposed to be supplied in accordance with previous representations when they are not.

As a result of the foregoing, pursuant to California Business & Professions Code §17203, plaintiff, on behalf of the general public seeks an Order of this Court requiring defendant to immediately cease such acts of unfair competition and enjoining defendant from continuing to falsely advertise or

4

   c.  conduct business via the unlawful, fraudulent or unfair business acts and practices and untrue and misleading advertising complained of herein and from failing to fully disclose the true nature of their misrepresentations, and ordering defendants to engage in a corrective advertising or informational campaign.

   d.  Plaintiff additionally requests an Order from the Court requiring that defendants implement a full product replacement program and/or requiring the payment or return of any monies wrongfully acquired, saved or retained by defendants by means of such acts of unfair competition so as to restore to any persons in interest any and all monies which were acquired and obtained by means of such acts of unfair competition and/or as may be necessary to prevent the use or employment of any practice which constitutes unfair competition, as well as imposing an asset freeze or a constructive trust over such monies.

30. Plaintiff intended to purchase avorstatin that was made in the USA, and believed that the drugs that he purchased were made in the USA.

31.  Plaintiff inspected the drugs before purchasing them and did not see a country of origin marking on the container.

## VI.    SECOND CAUSE OF ACTION
### Commission of Unfair Business Acts Practices

32. Plaintiff, on behalf of the general public, realleges as if fully set forth herein, each and every allegation contained in ¶¶1-31 herein, and further alleges as follows.

33. The marketing, sale and/or offering for sale by defendants of the deceptively labeled avorstatin as detailed above constitute unlawful, unfair and/or fraudulent business acts or practices in violation of, *inter alia*, Business & Professions Code §§17200, *et seq.*

34. Specifically, defendants have engaged in an "unfair" business act or practice in that the justification for selling avorstatin at issue here implying that it was "Made in the U.S.A." when it was actually made in India. Such conduct also offends public policy, is immoral, unscrupulous, unethical and offensive, and causes substantial injury to consumers.

5

35. As a result of the foregoing, pursuant to California Business & Professions Code §17203, plaintiff, on behalf of the general public, seeks an Order of this Court for the relief in the form of compensatory damages.

### THIRD CAUSE OF ACTION:

### Commission of Fraudulent Business Acts and Practices

36. Plaintiff, on behalf of the general public, realleges as if fully set forth herein, each and every allegation contained in ¶¶1-35 herein, and further alleges as follows.

37. The marketing, sale and/or offering for sale by defendants of the deceptively mislabeled drugs as detailed above constitute unlawful, unfair and/or fraudulent business acts or practices in violation of, *inter alia*, Business & Professions Code §§17200, *et seq.*

38. Specifically, defendants have engaged in a "fraudulent" business act or practice in that the representations and omissions of material fact as described above have a likelihood of deceiving the general public.

39. As a result of the foregoing, pursuant to California Business & Professions Code §17203, plaintiff, on behalf of the general public, seeks an Order of this Court for the relief set forth above.

40. Plaintiff seeks punitive damages against defendants for their intentional fraudulent misconduct in selling drugs found by the Food and Drug Administration to have been manufactured in an unsafe and unhealthy manner.

### VIII. FOURTH CAUSE OF ACTION:

### Commission of Untrue and Misleading Advertising

41. Plaintiff, on behalf of the general public, realleges as if fully set forth herein, each and every allegation contained in ¶¶1-40 herein, and further alleges as follows.

42. California Business & Professions Code §17500 prohibits various deceptive practices in connection with the dissemination in any manner of representations for the purpose of inducing, or which are likely to induce, directly or indirectly, the purchase of the drugs.

43. The policies, acts and practices alleged herein were intended to, and did, induce the sale of the avorstatin here at issue to the consuming public and violated and continue to violate

6

1  this section, in that in violation of California Business & Professions Code §17500, defendants

2  caused to be made, published, disseminated, circulated or placed before the public,

3  advertisements and/or labels concerning the drugs at issue which contained country of origin

4  statements which were untrue, deceptive, misleading or omitted material facts and which by the

5  exercise of reasonable care should have been known by defendant to be untrue, deceptive or

6  misleading.

7        44. The above-described acts and practices conducted by defendants still continue to this

8  day and present a threat to the health and welfare of the general public.

9        45. As a result of the foregoing, pursuant to California Business & Professions Code

10  §17535, plaintiff, on behalf of the general public and the class they represent, seeks an Order of

11  this Court for the relief set forth in above.

12  <strong>PRAYER FOR RELIEF</strong>

13  WHEREFORE plaintiff on behalf of the general public, prays for judgment against defendants as

14  follows:

15        A.   For actual damages;

16        B.   For punitive damages;

17        C.   For an Order imposing a mandatory injunction requiring defendants to label all

18  imported drugs with their country of origin;

19        D.   For an Order requiring an asset freeze and imposing a constructive trust over all ill-

20  gotten monies;

21        E.   For an injunction against sales of Apotex avorstatin and other drugs from India until

22  the sales of those drugs are approved by the U.S. Food and Drug Administration;

23        F.    For pre- and post-judgment interest;

24        G.   For attorneys' fees and for costs of suit pursuant to, *inter alia*, California Code of

25  Civil Procedure §1021.5; and

26

27

28

H.  For such other and further relief as this Court may deem just and proper.

JOEL D. JOSEPH, PRO SE
11950 San Vicente Blvd.
Suite 220
Los Angeles, CA 90049
(310) 820-2211

8

**U.S. Food and Drug Administration**
Protecting and Promoting *Your* Health

# Import Alert 66-40

(Note: This import alert represents the Agency's current guidance to FDA field personnel regarding the manufacturer(s) and/or products(s) at issue. It does not create or confer any rights for or on any person, and does not operate to bind FDA or the public).

Import Alert # 66-40
Published Date: 05/05/2014
Type: DWPE
Import Alert Name:
"Detention Without Physical Examination of Drugs From Firms Which Have Not Met Drug GMPs"

**Reason for Alert:**
*** Foreign inspections of pharmaceutical manufacturers are being performed. Detention without physical examination may be appropriate when an FDA inspection has revealed that a firm is not operating in conformity with current good manufacturing practices (GMP's).

Detention without physical examination may also be appropriate when FDA receives information concerning inspections conducted by foreign or other government authorities under a Memorandum of Understanding or other agreement that FDA concludes reveals conditions or practices warranting detention of either particular products or all products manufactured by a firm.

DWPE of such firms remains in effect until such time as FDA is satisfied that the appearance of a violation has been removed, either by reinspection or submission of appropriate documentation to the responsible FDA Center. ***

**Guidance:**
*** Districts may detain, without physical sampling and analysis, the indicated drug products from the foreign processors noted in the Red List of this import alert.

Foreign processors listed on the Red List of this import alert who would like to request removal from that list should provide information to FDA to adequately demonstrate that the manufacturer has resolved the conditions that gave rise to the appearance of the violation, so that the agency will have confidence that future entries will be in compliance. This may include a letter detailing its corrective actions, accompanied by documentation. For guidance on removal from detention without physical examination, refer to FDA�s Regulatory Procedures Manual, Chapter 9, "Detention Without Physical Examination (DWPE)." Information supporting removal should be sent to CDER's Office of Compliance, (HFD-300). ***

**Product Description:**
Various drugs (See attachment)

**Charge:**
"The article is subject to refusal of admission pursuant to Section 801(a)(3) in that the methods and controls used in its manufacture and control of pharmaceutical products do not appear to conform to current good manufacturing practices within the meaning of Section 501(a)(2)(B)."

OASIS Charge Code: DRUG GMPS

## List of firms and their products subject to Detention without Physical Examination (DWPE) under this Import Alert (a.k.a. Red List)

Apotex Pharmachem India Pvt Ltd.
Date Published : 04/01/2014

Plot No.: 1A, Bommasandra , Industrial Area, 4th Phase , Bangalore , INDIA
55 - - - – Pharm Necess & Ctnr For Drug/Bio
Date Published: 04/01/2014

Notes:All Drugs/All Antibiotics; This product is excluded from DWPE: Riluzole tablets 62J/[][]16; (GMP) Good
Manufacturing Practices
56 - - - – Antibiotics (Human/Animal)
Date Published: 04/01/2014

Notes:All Drugs/All Antibiotics; This product is excluded from DWPE: Riluzole tablets 62J/[][]16; (GMP) Good
Manufacturing Practices
60 - - - – Human and Animal Drugs
Date Published: 04/01/2014

Notes:All Drugs/All Antibiotics; This product is excluded from DWPE: Riluzole tablets 62J/[][]16; (GMP) Good
Manufacturing Practices
61 - - - – Human and Animal Drugs
Date Published: 04/01/2014

Notes:All Drugs/All Antibiotics; This product is excluded from DWPE: Riluzole tablets 62J/[][]16; (GMP) Good
Manufacturing Practices
62 - - - – Human and Animal Drugs
Date Published: 04/01/2014

Notes:All Drugs/All Antibiotics; This product is excluded from DWPE: Riluzole tablets 62J/[][]16; (GMP) Good
Manufacturing Practices
63 - - - – Human and Animal Drugs
Date Published: 04/01/2014

Notes:All Drugs/All Antibiotics; This product is excluded from DWPE: Riluzole tablets 62J/[][]16; (GMP) Good
Manufacturing Practices
64 - - - – Human and Animal Drugs
Date Published: 04/01/2014

Notes:All Drugs/All Antibiotics; This product is excluded from DWPE: Riluzole tablets 62J/[][]16; (GMP) Good
Manufacturing Practices
65 - - - – Human and Animal Drugs
Date Published: 04/01/2014

Notes:All Drugs/All Antibiotics; This product is excluded from DWPE: Riluzole tablets 62J/[][]16; (GMP) Good
Manufacturing Practices
66 - - - – Human and Animal Drugs
Date Published: 04/01/2014

Notes:All Drugs/All Antibiotics; This product is excluded from DWPE: Riluzole tablets 62J/[][]16; (GMP) Good
Manufacturing Practices

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Joel D. Joseph Pro Per<br>11950 San Vicente Blvd. Suite 220<br>Los Angeles, CA 90049<br><br>TELEPHONE NO.: 310-820-2211      FAX NO.:<br>ATTORNEY FOR *(Name):* Pro Per | **FILED**<br>Superior Court of California<br>County of Los Angeles<br><br>AUG 0 1 2014<br><br>Sherri R. Carter, Executive Officer/Clerk<br>By _____, Deputy<br>Moses Soto |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  Los Angeles
STREET ADDRESS: 111 N. Hill Street
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: Mosk
CASE NAME:

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: BC 5 5 3 4 1 8 |
|---|---|---|
| [✓] Unlimited   [ ] Limited<br>(Amount          (Amount<br>demanded        demanded is<br>exceeds $25,000)  $25,000 or less) | [ ] Counter   [ ] Joinder<br><br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE:<br><br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[✓] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is  [✓] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a.[✓] monetary  b.[✓] nonmonetary; declaratory or injunctive relief  c.[✓] punitive
4. Number of causes of action *(specify):*
5. This case [ ] is  [✓] is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related cases. *(You may use form CM-015.)*

Date: August 1, 2014

JOEL D JOSEPH
(TYPE OR PRINT NAME)                                   (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

| SHORT TITLE: Joel D. Joseph v. Costco and Apotex | CASE NUMBER |
|---|---|

# CIVIL CASE COVER SHEET ADDENDUM AND
## STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

This form is required pursuant to Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court.

**Item I.** Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? ☐ YES   CLASS ACTION? ☐ YES   LIMITED CASE? ☐ YES   TIME ESTIMATED FOR TRIAL _____ ☐ HOURS/ ☐ DAYS

**Item II. Indicate** the correct district and courthouse location (4 steps – If you checked "Limited Case", skip to Item III, Pg. 4):

**Step 1:** After first completing the Civil Case Cover Sheet form, find the main Civil Case Cover Sheet heading for your case in the left margin below, and, to the right in Column **A**, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check <u>one</u> Superior Court type of action in Column **B** below which best describes the nature of this case.

**Step 3:** In Column **C**, circle the reason for the court location choice that applies to the type of action you have checked.  For any exception to the court location, see Local Rule 2.0.

| Applicable Reasons for Choosing Courthouse Location (see Column C below) |
|---|

1. Class actions must be filed in the Stanley Mosk Courthouse, central district.
2. May be filed in central (other county, or no bodily injury/property damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV.  Sign the declaration.

| | **A**<br>Civil Case Cover Sheet<br>Category No. | **B**<br>Type of Action<br>(Check only one) | **C**<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death -- Uninsured Motorist | 1., 2., 4. |
| **Other Personal Injury/ Property Damage/ Wrongful Death Tort** | Asbestos (04) | ☐ A6070  Asbestos Property Damage | 2. |
| | | ☐ A7221  Asbestos - Personal Injury/Wrongful Death | 2. |
| | Product Liability (24) | ☑ A7260  Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons | 1., 4. |
| | | ☐ A7240  Other Professional Health Care Malpractice | 1., 4. |
| | Other<br>Personal Injury<br>Property Damage<br>Wrongful Death<br>(23) | ☐ A7250  Premises Liability (e.g., slip and fall) | 1., 4. |
| | | ☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1., 4. |
| | | ☐ A7270  Intentional Infliction of Emotional Distress | 1., 3. |
| | | ☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1., 4. |

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

| SHORT TITLE: Joel D. Joseph v. Costco and Apotex | CASE NUMBER |
| --- | --- |

| | **A**<br>Civil Case Cover Sheet<br>Category No. | **B**<br>Type of Action<br>(Check only one) | **C**<br>Applicable Reasons -<br>See Step 3 Above |
| --- | --- | --- | --- |
| **Non-Personal Injury/ Property Damage/ Wrongful Death Tort** | Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1., 3. |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1., 2., 3. |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1., 2., 3. |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1., 2., 3. |
| | Professional Negligence (25) | ☐ A6017  Legal Malpractice | 1., 2., 3. |
| | | ☐ A6050  Other Professional Malpractice (not medical or legal) | .1., 2., 3. |
| | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 2.,3. |
| **Employment** | Wrongful Termination (36) | ☐ A6037  Wrongful Termination | 1., 2., 3. |
| | Other Employment (15) | ☐ A6024  Other Employment Complaint Case | 1., 2., 3. |
| | | ☐ A6109  Labor Commissioner Appeals | 10. |
| **Contract** | Breach of Contract/ Warranty (06)<br>(not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2., 5. |
| | | ☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2., 5. |
| | | ☐ A6019  Negligent Breach of Contract/Warranty (no fraud) | 1., 2., 5. |
| | | ☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1., 2., 5. |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff | 2., 5., 6. |
| | | ☐ A6012  Other Promissory Note/Collections Case | 2., 5. |
| | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1., 2., 5., 8. |
| | Other Contract (37) | ☐ A6009  Contractual Fraud | 1., 2., 3., 5. |
| | | ☐ A6031  Tortious Interference | 1., 2., 3., 5. |
| | | ☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 8. |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation        Number of parcels____ | 2. |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2., 6. |
| | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure | 2., 6. |
| | | ☐ A6032  Quiet Title | 2., 6. |
| | | ☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2., 6. |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2., 6. |
| | Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2., 6. |

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

| SHORT TITLE: Joel D. Joseph v. Costco and Apotex | CASE NUMBER |
|---|---|

| | **A**<br>Civil Case Cover Sheet<br>Category No. | **B**<br>Type of Action<br>(Check only one) | **C**<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2., 6. |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |
| | Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus | 2., 8. |
| | | ☐ A6152  Writ - Mandamus on Limited Court Case Matter | 2. |
| | | ☐ A6153  Writ - Other Limited Court Case Review | 2. |
| | Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2., 8. |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1., 2., 8. |
| | Construction Defect (10) | ☐ A6007  Construction Defect | 1., 2., 3. |
| | Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1., 2., 8. |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1., 2., 8. |
| | Toxic Tort Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1., 2., 3., 8. |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ A6141  Sister State Judgment | 2., 9. |
| | | ☐ A6160  Abstract of Judgment | 2., 6. |
| | | ☐ A6107  Confession of Judgment (non-domestic relations) | 2., 9. |
| | | ☐ A6140  Administrative Agency Award (not unpaid taxes) | 2., 8. |
| | | ☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax | 2., 8. |
| | | ☐ A6112  Other Enforcement of Judgment Case | 2., 8., 9. |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1., 2., 8. |
| | Other Complaints (Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only | 1., 2., 8. |
| | | ☐ A6040  Injunctive Relief Only (not domestic/harassment) | 2., 8. |
| | | ☐ A6011  Other Commercial Complaint Case (non-tort/non-complex) | 1., 2., 8. |
| | | ☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1., 2., 8. |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2., 8. |
| | Other Petitions (Not Specified Above) (43) | ☐ A6121  Civil Harassment | 2., 3., 9. |
| | | ☐ A6123  Workplace Harassment | 2., 3., 9. |
| | | ☐ A6124  Elder/Dependent Adult Abuse Case | 2., 3., 9. |
| | | ☐ A6190  Election Contest | 2. |
| | | ☐ A6110  Petition for Change of Name | 2., 7. |
| | | ☐ A6170  Petition for Relief from Late Claim Law | 2., 3., 4., 8. |
| | | ☐ A6100  Other Civil Petition | 2., 9. |

| SHORT TITLE: Joel D. Joseph v. Costco and Apotex | CASE NUMBER |
|---|---|

**Item III.** Statement of Location: Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., **Step 3** on Page 1, as the proper reason for filing in the court location you selected.

| REASON:  Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected for this case.<br><br>☑1. ☑2. ☑3. ☑4. ☐5. ☐6. ☐7. ☑8. ☐9. ☐10. | ADDRESS:<br>13463 W. WASHINGTON BLVD<br>MARINA DEL REY, CA  90292 |
|---|---|
| CITY:<br>Los Angeles | STATE:<br>CA | ZIP CODE:<br>90292 |

**Item IV.** *Declaration of Assignment*: I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the ___Stanley Mosk___ courthouse in the ___Los Angeles___ District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., § 392 et seq., and Local Rule 2.0, subds. (b), (c) and (d)].

Dated: ___August 1, 2014___

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet, Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 03/11).

5. Payment in full of the filing fee, unless fees have been waived.

6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

**CIVIL CASE COVER SHEET ADDENDUM<br>AND STATEMENT OF LOCATION**

# EXHIBIT B

SUM-100

# SUMMONS
## *(CITACION JUDICIAL)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

COSTCO WHOLESALE CORPORATION
APOTEX CORPORATION

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

JOEL D. JOSEPH

<table>
<tr><td>FOR COURT USE ONLY<br>(SOLO PARA USO DE LA CORTE)</td></tr>
<tr><td>FILED<br>Superior Court of California<br>County of Los Angeles<br><br>AUG 0 1 2014<br><br>Sherri R. Carter, Executive Officer/Clerk<br>By _____, Deputy<br>Moses Soto</td></tr>
</table>

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* STANLEY MOSK<br><br>111 N. HILL STREET<br>LOS ANGELES, CA 90012 | CASE NUMBER:<br>*(Número del Caso):*<br>**BC 5 5 3 4 1 8** |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

JOEL D. JOSEPH, 11950 SAN VICENTE BLVD. LOS ANGELES, CA 90049 (310) 820-2211

| DATE: AUG 0 1 2014 | Clerk, by | M. Soto | , Deputy |
|---|---|---|---|
| *(Fecha)* | SHERRI R. CARTER *(Secretario)* | M. Soto | *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:

3. ☐ on behalf of *(specify)*:

    under: ☑ CCP 416.10 (corporation)    ☐ CCP 416.60 (minor)
            ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
            ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
            ☐ other *(specify)*:
4. ☐ by personal delivery on *(date)*:

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>www.courtinfo.ca.gov |

American LegalNet, Inc.
www.FormsWorkflow.com

# EXHIBIT C

Costco Sued for Selling Drugs Banned by Food and Drug Administration



MADE IN USA
FOUNDATION

310-MADE-USA    |    Email Us

Join as a Member Email Us

**Donate**



Costco Sued for Selling Drugs Banned by Food and Drug Administration



**PRESS RELEASE:** (August 6, 2014) Los Angeles — The Made in the USA Foundation today announced that its Chairman, Joel D. Joseph filed suit against Costco and Apotex for selling prescription drugs banned by the Food and Drugs Administration. (Los Angeles Superior Court case number BC553418)

The drug in question is atorvastatin made by Apotex in India.  The lawsuit also challenges the legality of selling imported drugs without disclosure of the country of origin on the label.

On May 5, 2014 the U.S. FDA ruled that drugs from Apotex's Indian factory could not be imported into the United States. ( Import Alert 6640) This Import Alert ordered the detention without physical examination of drugs from firms which have not met drug GMP's or 'Good Manufacturing Practices'.  Because of this Import Alert Apotex atorvastatin was put on the FDA's 'Red List' of banned drugs.

Mr. Joseph said, "Most Americans want their prescription drugs made in the United States.  However, now **70%** of all prescriptions are filled with drugs from India and China and are not labeled where they are made.  Consumers have a right to know where their pharmaceutical products are coming from.  Costco and other pharmacies have no right to sell drugs from facilities that have been red listed by the FDA as being unsafe."

The suit seeks an injunction against Costco and Apotex for selling drugs from India that are 'red listed' by the FDA and seeks to require Costco to label all prescription drugs with their country of origin.

Atorvastatin, marketed by Pfizer as a calcium salt under the trade name Lipitor, is a member of the drug class known as statins, which are used primarily for lowering blood cholesterol and for prevention of events associated with cardiovascular disease. When Pfizer's patent on Lipitor expired on November 30, 2011, generic atorvastatin became available in the United States. More than 50 million prescriptions are filled for atorvastatin in the United States every year. Lipitor and atorvastatin are the bestselling prescription drugs in history.

**About Made in the USA Foundation:**

Made in the USA Foundation, a bi-partisan, non- profit organization formed in 1989 to promote domestically and internationally products that are "Made in USA" and "Assembled in USA".  The organization raises awareness and standards around the world concerning fair wages, environmental rules, child labor and human rights. The Foundation also pursues litigation and legislative activity to strengthen and uphold labeling laws and standards.

For more information visit www.madeusafdn.org or call 310-MADE-USA.

Media Contact: Julie Reiser, Julie@madeusafdn.org

< Back

# All American Brands

# News Room

Made in the USA Reports – August, 2014
August 28th, 2014

Made in the USA Reports
A Publication of the Made... read more

Tags: China, Currency Manipulation, Federal Trade Commission, FTC, Joel D. Joseph, Joel Joseph, Made in America, Made in the USA, Made in the USA Foundation, made in usa, Middle Class, Olympic Uniforms, Olympics, Ralph Lauren, Richard Nixon, Trade, Trade with China, USTA, Walmart, Walmart US Manufacturing Summit

Costco Sued for Selling Drugs Banned by Food and Drug Administration
August 6th, 2014



PRESS RELEASE: (August 6, 2014) Los Angeles — The… read more

Tags: Apotex, Atorvastatin, Costco, FDA, Food and Drug Administration, India, Joel D. Joseph, Joel Joseph, Julie Reiser, Lipitor, Made in America, Made in the USA, Made in the USA Foundation, made in usa, Pfizer

Made in the USA Foundaton/ TexWorld USA / WWD
July 30th, 2014

Recently, Julie Reiser, vice president of marketing and business development… read more

Tags: Arthur Friedman, Insourcing, Julie Reiser, Made in America, Made in the USA, made in usa, MakersRow, Reshoring, Textiles, TexWorld, TexWorld USA, WWD

## Join Our Mailing List

First Name:

Last Name:

Email:

Sign Up

Find us on Facebook

Made in the USA Foundation
Like

747 people like Made in the USA Foundation.

Facebook social plugin

## Tags

150 ways AGM-114 Hellfire Alex and Ani Atlas v Bailey 44 Boeing Boston Consulting Group Burn california general assembly Cape Canaveral China Congress events Fire and Forget Missile Helicopter Launched Hellfire help Hubbarton Forge J.Winery Joel D. Joseph Joel Joseph Julie Reiser Lockhed Martin Made in America Made in the USA Made in the USA Foundation made in usa Made In USA Reports NASA NPO Energomash quick look Russia Seventh Generation Shinola SpaceX Star Spangled Banner The Defense Department The Pentagon's manufacturing United Launch Alliance LLC United States Military usa Walmart Weathertech

© 2012 | MADE IN THE USA FOUNDATION | SITE MAP