JOEL D. JOSEPH, PRO PER
11950 SAN VICENTE BLVD. SUITE 220
LOS ANGELES, CA 90049
310-820-2211

FILED
CLERK, U.S. DISTRICT COURT
SEP 18 2014
CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| JOEL D. JOSEPH<br><br>Plaintiff,<br><br>v.<br><br>COSTCO WHOLESALE CORPORATION and APOTEX CORPORATION<br><br>Defendants | Case No.: 2: 14-CV-6899<br><br>**FIRST AMENDED COMPLAINT FOR INJUNCTIVE RELIEF COMPENSATIVE RELIEF AND PUNITIVE DAMAGES** |

Plaintiff alleges as follows against defendants Costco Wholesale Corporation and Apotex Corporation on information and belief, formed after an inquiry reasonable under the circumstances:

### I. JURISDICTION AND VENUE

1. This case was removed to this court based on diversity.

2. Venue is proper in this court as the acts upon which this action is based occurred in Los Angeles County. Plaintiff resides here and operates an office in this County. Defendants received substantial compensation and profits in this County from sales of atorvastatin. Thus, defendants' liability arose in part in this County.

### II. INTRODUCTION

3. This is a private Attorney General action brought on behalf of the general public.

1

4. Plaintiff Joseph purchased Lipitor, a prescription drug to reduce cholesterol, from Costco for many years at its store located at 13463 W. Washington Blvd, Marina del Rey, CA 90292.

5. Lipitor is a patented drug produced in the United States by Pfizer.

6. Pfizer's patent on Lipitor expired in late 2011 and the U.S. Food and Drug Administration approved the sale of generic Lipitor, or atorvastatin in 2012.

7. Mr. Joseph is chairman and founder of the Made in the USA Foundation, a non-profit organization that promotes American-made products.

8. Mr. Joseph's doctor gave him a prescription for generic Lipitor and Costco filled it with Apotex's atorvastatin.

9. Mr. Joseph inspected the Apotex atorvastatin container and found no country of origin label on it and believed it to be made in the USA because all imported products must be marked as to their country of origin.

10. Title 19 U.S.C. §1304 provides that all imported products must include a country of origin marking in a "conspicuous place as legibly, indelibly and permanently as the nature of the article (or container) will permit."

11. This private Attorney General action is brought by the named plaintiff to remedy violations of California's state consumer protection statutes.

### III. PARTIES

12. Plaintiff Joel D. Joseph is California resident and citizen.

13. Defendant Costco Wholesale Corporation is incorporated in Washington State.

14. Defendant Apotex Corporation is a Delaware Corporation.

### IV. Factual Summary

15. Many consumers believe that "Made in U.S.A." products are higher quality products than imported products, particularly pharmaceutical products. Not knowing of the foreign country of origin, the general public purchased the Apotex products at issue here at higher retail prices than would have been paid for foreign-made products.

16. Plaintiff desired to purchase American-made atorvastatin. When plaintiff purchased atorvastatin at Costco there was no country of origin marking on the product.

17. Products that are made in the U.S.A. are not required by law to include a country of origin designation.

18. Plaintiff reasonably believed that the atorvastatin that he purchased was made in the United States.

19. On May 5, 2014 the U.S. Food and Drug Administration published Import Alert 66-40. This Import Alert ordered the Detention Without Physical Examination of Drugs From Firms Which Have Not Met Drug GMP's. GMP means Good Manufacturing Practices. Because of this Import Alert Apotex atorvastatin was put on the FDA's Red List of banned drugs.

20. An FDA inspection of Apotex's plant in Bangalore, India was published on April 1, 2014 where Apotex manufactures atorvastatin and other drugs.

21. Apotex failed this inspection and all drugs from this factory, excluding Riluzule, are banned from importation into the United States.

22. In April and May of 2014 plaintiff notified Costco that Apotex's atorvastatin was banned by the FDA.

23. Costco's pharmacist told plaintiff that the atorvastatin was made in India.

24. Costco, despite being notified that Apotex's drugs were banned by the FDA, kept selling Apotex atorvastatin at its pharmacies in Los Angeles and elsewhere in the United States.

25. On May 23, 2014 plaintiff had Costco fill a prescription for Lipitor for 30 days at a cost of $235.56. Atorvastatin sells for more than 90% less at Costco than Lipitor.

## V. FIRST CAUSE OF ACTION

### Commission of Unlawful Business Acts and Practices

26. Plaintiff, on behalf of the general public, realleges as if fully set forth herein, each and every allegation contained in ¶¶1-25 herein, and further alleges as follows.

27. The marketing, sale and/or offering for sale by defendant of the deceptively labeled atorvastatin as detailed above constitute unlawful, unfair and/or fraudulent business acts

3

or practices in violation of, *inter alia*, Business & Professions Code §§17200, *et seq*. Plaintiff is therefore entitled to the relief set forth below.

28. Specifically, defendants have violated Business & Professions Code §17200's proscription against engaging in an "unlawful" business act or practice by the following:

a. Violating Customs laws, 19 U.S.C. §1304;

b. The policies, acts and practices alleged herein were intended to result in the sale of Apotex atorvastatin to the consuming public and violated and continue to violate the Consumers Legal Remedies Act, California Civil Code §§1750, *et seq*., by violating at least Civ. Code §1770(a)(4), (5), (7), (9) and (16), as defendants' acts and practices use deceptive representations or designations of country of origin, constitute misrepresentations that the products in question have approval, characteristics, benefits or uses which they do not have, that the products in question are of a particular standard, quality or grade when they are of another, that defendants advertise the drug products in question with intent not to sell them as advertised and that the products in question constitute products which are supposed to be supplied in accordance with previous representations when they are not.

As a result of the foregoing, pursuant to California Business & Professions Code §17203, plaintiff, on behalf of the general public seeks an Order of this Court requiring defendant to immediately cease such acts of unfair competition and enjoining defendant from continuing to falsely label, advertise or conduct business via the unlawful, fraudulent or unfair business acts and practices and untrue and misleading advertising complained of herein and from failing to fully disclose the true nature of their misrepresentations, and ordering defendants to engage in a corrective advertising or informational campaign.

c. Plaintiff additionally requests an Order from the Court requiring that defendants implement a full product replacement program and/or requiring the payment or return of any monies wrongfully acquired, saved or retained by defendants by means of such acts of unfair

competition so as to restore to any persons in interest any and all monies which were acquired and obtained by means of such acts of unfair competition and/or as may be necessary to prevent the use or employment of any practice which constitutes unfair competition, as well as imposing an asset freeze or a constructive trust over such monies.

29. Plaintiff intended to purchase atorvastatin that was made in the USA, and believed that the drugs that he purchased were made in the USA.

30. Plaintiff inspected the drugs before purchasing them and did not see a country of origin marking on the container.

## VI. SECOND CAUSE OF ACTION
### Commission of Unfair Business Acts Practices

31. Plaintiff, on behalf of the general public, realleges as if fully set forth herein, each and every allegation contained in ¶¶1-31 herein, and further alleges as follows.

32. The marketing, sale and/or offering for sale by defendants of the deceptively labeled atorvastatin as detailed above constitute unlawful, unfair and/or fraudulent business acts or practices in violation of, *inter alia*, Business & Professions Code §§17200, *et seq.*

33. Specifically, defendants have engaged in an "unfair" business act or practice in that the justification for selling atorvastatin at issue here implying that it was "Made in the U.S.A." when it was actually made in India, or contained ingredients from India. Such conduct also offends public policy, is immoral, unscrupulous, unethical and offensive, and causes substantial injury to consumers.

34. As a result of the foregoing, pursuant to California Business & Professions Code §17203, plaintiff, on behalf of the general public, seeks an Order of this Court for the relief in the form of compensatory damages.

### THIRD CAUSE OF ACTION:

### Commission of Fraudulent Business Acts and Practices

35. Plaintiff, on behalf of the general public, realleges as if fully set forth herein, each and every allegation contained in ¶¶1-34 herein, and further alleges as follows.

36. The marketing, sale and/or offering for sale by defendants of the deceptively mislabeled drugs as detailed above constitute unlawful, unfair and/or fraudulent business acts or practices in violation of, *inter alia*, Business & Professions Code §§17200, *et seq.*

37. Specifically, defendants have engaged in a "fraudulent" business act or practice in that the representations and omissions of material fact as described above have a likelihood of deceiving the general public.

38. As a result of the foregoing, pursuant to California Business & Professions Code §17203, plaintiff, on behalf of the general public, seeks an Order of this Court for the relief set forth above.

39. Plaintiff seeks punitive damages against defendants for their intentional fraudulent misconduct in selling drugs found by the Food and Drug Administration to have been manufactured in an unsafe and unhealthy manner.

### VIII. FOURTH CAUSE OF ACTION:

### Commission of Untrue and Misleading Advertising

40. Plaintiff, on behalf of the general public, realleges as if fully set forth herein, each and every allegation contained in ¶¶1-39 herein, and further alleges as follows.

41. California Business & Professions Code §17500 prohibits various deceptive practices in connection with the dissemination in any manner of representations for the purpose of inducing, or which are likely to induce, directly or indirectly, the purchase of the drugs.

42. The policies, acts and practices alleged herein were intended to, and did, induce the sale of the atorvastatin here at issue to the consuming public and violated and continue to violate this section, in that in violation of California Business & Professions Code §17500, defendants caused to be made, published, disseminated, circulated or placed before the public, advertisements and/or labels concerning the drugs at issue which contained country of origin

statements which were untrue, deceptive, misleading or omitted material facts and which by the exercise of reasonable care should have been known by defendant to be untrue, deceptive or misleading.

43. The above-described acts and practices conducted by defendants still continue to this day and present a threat to the health and welfare of the general public.

44. As a result of the foregoing, pursuant to California Business & Professions Code §17535, plaintiff, on behalf of the general public and the class they represent, seeks an Order of this Court for the relief set forth in above.

## PRAYER FOR RELIEF

WHEREFORE plaintiff on behalf of the general public, prays for judgment against defendants as follows:

    A. For actual damages;

    B. For punitive damages;

    C. For an Order imposing the equitable relief requiring defendants to label all imported drugs with their country of origin;

    D. For an Order prohibiting the use of "Apotex USA" on any drug label unless immediately next to the words, in equal or larger type is the country of origin of the drug.

    E. For an Order requiring an asset freeze and imposing a constructive trust over all ill-gotten monies;

    F. For an injunction against sales of Apotex atorvastatin and other drugs from India until the sales of those drugs are approved by the U.S. Food and Drug Administration;

    G. For pre- and post-judgment interest;

    H. For attorneys' fees and for costs of suit pursuant to, *inter alia*, California Code of Civil Procedure §1021.5; and

I. For such other and further relief as this Court may deem just and proper.

_____
JOEL D. JOSEPH, PRO SE
11950 San Vicente Blvd.
Suite 220
Los Angeles, CA 90049
(310) 820-2211

CERTIFICATE OF SERVICE

I verify that I have emailed a copy of this First Amended Complaint to Cheryl Chang, Blank Rome LLP, 2029 Century Park East, 6th Floor, Los Angeles, CA 90067 and to Trenton H. Norris, Arnold & Porter, Three Embarcadero Center, 10th Floor, San Francisco, CA 94111 this 10th day of September, 2014.

_____
JOEL D. JOSEPH, PRO SE