UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:14-cv-6899-SVW (MANx) | | Date | February 5, 2015 |
|---|---|---|---|---|
| Title | Joseph v. Costco Wholesale Corporation et al. | | | |

| Present: The Honorable | STEPHEN V. WILSON, U.S. DISTRICT JUDGE | |
|---|---|---|
| Paul M. Cruz | N/A | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | |
| N/A | N/A | |

**Proceedings:** IN CHAMBERS ORDER DENYING Plaintiff's Motion for Preliminary Injunction [39], CONVERTING Defendants' Motions to Dismiss to Motions for Summary Judgment [36 & 37], and ORDERING Defendants to Re-File their Motions as Motions for Summary Judgment

## I.    INTRODUCTION

Plaintiff Joel D. Joseph ("Joseph") filed this self-styled "private attorney general action" after buying a container of prescription drugs that was not marked with the drugs' country of origin and which listed "Apotex USA Inc." as the drugs' manufacturer.  Joseph proceeds pro se against defendants Costco Wholesale Corporation ("Costco") and Apotex Corporation ("Apotex").  In his Second Amended Complaint ("SAC"), Joseph asserts three claims under California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200 *et seq.*—(1) a claim under the UCL's "unlawful" prong premised on violations of the Tariff Act, 19 U.S.C. § 1304, and of California's Consumer Legal Remedies Act ("CLRA"), Cal. Civ. Code § 1750 *et seq.*; (2) a claim under the UCL's "fraudulent" prong for failing to include a country of origin marking on the drugs and for labeling them as being manufactured by "Apotex USA Inc."; and (3) a claim under the UCL's "unfair" prong.  (Dkt. 35.)

Presently before the Court are Defendants' motions to dismiss Joseph's SAC (Dkts. 36 & 37) and Joseph's motion for a preliminary injunction (Dkt. 39.)  For the reasons discussed below, the Court CONVERTS Defendants' motions to dismiss into motions for summary judgment and DENIES Joseph's motion for a preliminary injunction.

## II.    DEFENDANTS MOTIONS TO DISMISS

At the hearing held on February 2, 2015, the parties for the first time informed the Court that: (1) there is no entity in existence called "Apotex USA, Inc.," and (2) that the atorvastatin at issue passed

|  | : |  |
|---|---|---|
| | Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:14-cv-6899-SVW (MANx) | Date | February 5, 2015 |
|---|---|---|---|
| Title | Joseph v. Costco Wholesale Corporation et al. | | |

through a wholesale distributor which was responsible for supplying the manufacturer information that appeared on Costco's atorvastatin label. In light of these new discoveries and in consideration of the parties' briefs, the Court concludes that the parties raise issues that be resolved only by considering evidence outside of the complaint. The Court therefore CONVERTS Defendants' motions to dismiss into motions for summary judgment. *See Bedrock Fin., Inc. v. United States*, No. 1:10-CV-01055-MJS, 2013 WL 2244402, at *2 (E.D. Cal. May 21, 2013) (stating that a court considering matters not properly subject to judicial notice would convert a motion to dismiss into a motion for summary judgment).

The Court ORDERS Defendants to re-file their motions as motions for summary judgment on or before March 5, 2015. The parties are ORDERED TO APPEAR for a status conference on Monday March 23, 2015, at 1:30 P.M. to discuss what if any discovery Plaintiff requires in order to respond to Defendants' motions for summary judgment. At the status conference he Court will set the remainder of the briefing schedule and a hearing date regarding Defendants' motions for summary judgment.

Given that Defendants already possess the relevant evidence necessary to file their motions for summary judgment, the Court STAYS ALL DISCOVERY in this case pending the March 23 status conference.

### III. PLAINTIFF'S MOTION FOR A PRELIMINARY INJUNCTION

#### A. LEGAL STANDARD

Standing is an essential component of the Article III, § 2 "case or controversy" requirement. *American Civil Liberties Union of Nevada v. Lomax*, 471 F.3d 1010, 1015 (9th Cir. 2006). "Standing to sue in any Article III court is, of course, a federal question which does not depend on the party's prior standing in state court." *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 804, 105 S.Ct. 2965, 2970, 86 L.Ed.2d 628 (1985); *see also Lee v. American Nat. Ins. Co.*, 260 F.3d 997, 1001-02 (9th Cir. 2001) ("[A] plaintiff whose cause of action is perfectly viable in state court under state law may nonetheless be foreclosed from litigating the same cause of action in federal court, if he cannot demonstrate the requisite injury.").

Under Article III's standing requirement, a plaintiff seeking injunctive relief bears the burden of showing "that he is under threat of suffering 'injury in fact' that is concrete and particularized; the threat must be actual and imminent, not conjectural or hypothetical; it must be fairly traceable to the challenged action of the defendant; and it must be likely that a favorable judicial decision will prevent or redress the injury." *Summers v. Earth Island Institute*, 129 S.Ct. 1142, 1149 (2009). When evaluating whether standing is present, courts look to the facts as they exist when the complaint was filed. *Lujan v.*

| | : | |
|---|---|---|
| | Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:14-cv-6899-SVW (MANx) | Date | February 5, 2015 |
|---|---|---|---|
| Title | Joseph v. Costco Wholesale Corporation et al. | | |

*Defenders of Wildlife*, 504 U.S. 555, 570 n.4, 112 S.Ct. 2130, 2141 n.4 (1992) (standing); *Lomax*, 471 F.3d at 1015 (standing requirements)*; Clark v. City of Lakewood*, 259 F.3d 996, 1008-09 (9th Cir. 2001). "[A] plaintiff must demonstrate standing separately for each form of relief sought." *Monsanto Co. v. Geertson Seed Farms*, 561 U.S. 139, 153 (2010).

A Plaintiff seeking a preliminary injunction must establish the following elements: (1) a likelihood of success on the merits; (2) a likelihood of irreparable harm to Plaintiff in the absence of preliminary relief; (3) that the balance of equities tips in Plaintiff's favor; and (4) that an injunction is in the public interest. *Winter v. Natural Resources Defense Council, Inc.*, 129 S. Ct. 365, 374 (2008). Because injunctive relief is an "extraordinary remedy," it may be awarded only "upon a clear showing that the plaintiff is entitled to such relief." *Id.* at 376. This "clear showing" requires factual support beyond the allegations of the complaint, but the evidence need not strictly comply with the Federal Rules of Evidence. *See Flynt Distributing Co., Inc. v. Harvey*, 734 F.2d 1389, 1394 (9th Cir. 1984).

Even after *Winter*, courts in the Ninth Circuit apply a "sliding scale" standard to govern preliminary injunctions. Under this sliding scale approach, "[a] preliminary injunction is appropriate when a plaintiff demonstrates . . . that serious questions going to the merits were raised and the balance of hardships tips sharply in the plaintiff's favor . . . so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest." *Alliance for Wild Rockies v. Cottrell*, 632 F.3d 1127, 1134-35 (9th Cir. 2011). For the purposes of injunctive relief, "serious question" are "questions which cannot be resolved one way or the other at the hearing on the injunction . . . . Serious questions need not promise a certainty of success, nor even present a probability of success, but must involve a fair chance of success on the merits." *Rep. of the Philippines v. Marcos*, 862 F.2d 1355, 1362 (9th Cir. 1988).

**B.    APPLICATION**

Joseph seeks a preliminary injunction requiring Costco to "label all of its prescription drugs in compliance with the [sic] 19 U.S.C. Section 1304." (Pl.'s Mot. 14.) In his SAC, Joseph admits that he is currently aware that Apotex atorvastatin is not made in the United States. (SAC ¶ 33.) Furthermore, it is apparent from the complaint that Joseph has no intention of buying Apotex atorvastatin in the future. *See, e.g.* (SAC ¶¶ 11–12, 35.) Finally, Joseph fails to allege any facts indicating that he is likely to suffer any imminent future injury arising from any of Costco's prescription drug labels for drugs other than Apotex atorvastatin. Joseph therefore lacks standing to seek the requested prospective relief regarding all of Costco's prescription drug labels. *In re ConAgra Foods, Inc.*, 302 F.R.D. 537, 575–76 (C.D. Cal. 2014). For the same reasons, Joseph also fails to show a likelihood of irreparable harm in the absence of preliminary relief. *See Sepulveda v. Lee*, No. EDCV 10-1705 CAS PJW, 2013 WL 1898549, at *3 (C.D. Cal. May 6, 2013)**.**

| | : | |
|---|---|---|
| | Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:14-cv-6899-SVW (MANx) | Date | February 5, 2015 |
|---|---|---|---|
| Title | Joseph v. Costco Wholesale Corporation et al. | | |

For the foregoing reasons this Court DENIES Joseph's motion for a preliminary injunction.

## IV.   ORDER

1.  For the aforementioned reasons, the Court CONVERTS Defendants' motions to dismiss into motions for summary judgment.  The Court ORDERS Defendants to re-file their motions as motions for summary judgment on or before March 5, 2015.

2.  The Court ORDERS the parties to appear for a status conference on March 23, 2015, at 1:30 P.M. to determine what, if any, discovery Plaintiff requires and to set a briefing schedule and hearing regarding Defendants' motions for summary judgment.

3.  The Court STAYS all discovery in this case pending the March 23, 2015 status conference.

4.  For the aforementioned reasons, the Court DENIES Plaintiff's motion for a preliminary injunction.

:

Initials of Preparer         PMC